Hawkins, J.,
delivered tbe opinion of tbe Court.
Tbis is a suit commenced by a warrant before a Justice of tbe Peace for tbe County of Robertson, on tbe *155 7th day of March, 1866, by Moulton & Reid vs. Ayres, in which the defendant was summoned to answer the plaintiffs “for money had and received for their use and benefit, to-wit: two hundred and twenty-two dollars and ninety cents, with interest thereon.”
The Justice rendered a judgment against the defendant for $222.90, and costs; from which he appealed to the Circuit Court, where the cause was submitted to a jury, who rendered a verdict affirming the judgment of the Justice of the Peace. Upon this verdict, a judgment was pronounced against the defendant. Motions in arrest and for a new trial were made and overruled, and the defendant has appealed in error, to this Court.
It is now insisted the Justice had no jurisdiction over the amount. We do not think this proposition can be maintained. The record shows the suit was founded upon an account which was, without objection, read to the jury. By the Code, sec. 4128, sub-section 1, the jurisdiction of Justices of the Peace extends to five hundred dollars, upon all notes of hand, indiscriminately, and upon indorsements of negotiable paper, where demand and notice are expressly waived in the indorsement; and by sub-section 2, it extends “to all unsettled accounts, obligations, contracts, or other evidences of debt, not embraced in the preceding sections, when the amount claimed does not exceed two hundred and fifty dollars.” We think there is nothing in this objection.
It is also insisted, and as we think, correctly, that the charge of His Honor, the Circuit Judge, is erroneous. He said to the jury: “From the facts as proven in this case, the plaintiffs are entitled to recover of *156 the defendant the sum sued for;” thus assuming to answer both the questions of law and the questions of fact. This was a clear invasion of the province of the jury, and a violation of sec. 9, of art. 6, of the Constitution of the State, which provides as follows, viz: “Judges shall not charge juries with respect to matters of fact, but may state the testimony and declare the law.” While it is thus competent for him to state the evidence, the facts to be deduced from the evidence must be left exclusively to the jury.
In the case of Kirtland vs. Montgomery, 1 Swan, 452, the Circuit Judge, in his instructions to the jury said: “The facts proven in this cause, are not sufficient to entitle the plaintiff to a recovery against the defendant.” This, it was held, was error.
Other questions have been presented in argument; but we do not deem it necessary now to express any opinion touching them, inasmuch as the judgment must be reversed for error in the charge of the Court.
Judgment reversed, and the cause remanded.